ROBERT C. SCHUBERT S.B.N. 62684
JUDEN JUSTICE REED S.B.N. 153748
PETER E. BORKON S.B.N. 212596
SCHUBERT & REED LLP
Two Embarcadero Center, Suite 1660
San Francisco, California 94111
Telephone: (415) 788-4220
Fax: (415) 788-0161

*Attorneys for the Plaintiff,
and all others similarly situated*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID E. LIPTON, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation,<br><br>Defendant. | **Case No. 3:05-2669-MHP**<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**[Civil L.R. 3-12]** |
| This Administrative Motion Relates to:<br><br>*Patrick Hewson v. Intel Corporation* | **Case No. 3:05-02916-SC** |

## INTRODUCTION

This motion is filed by plaintiff Patrick J. Hewson ("Plaintiff") seeking an order relating the action *Hewson v. Intel Corporation* ("*Hewson*"), Case No. 05-2916-SC to the above-captioned case, *Lipton, et al., v. Intel Corporation* ("*Lipton*"), Case No. 05-2669-MHP. These cases are related because they both allege violations of the antitrust laws against Intel and its co-conspirators in connection with the market for x86 microrpocessors. Plaintiff also believes that his action is related to several other cases files in this Court as listed below. For the reasons set forth below, Plaintiff respectfully requests that his motion be granted and his action be related to *Lipton*.

## PROCEDURAL HISTORY

*Lipton v. Intel*, was filed on June 29, 2005 and names as a defendant, Intel Corporation. *Hewson v. Intel* was filed on July 18, 2005 and also names Intel as a defendant. A copy of the complaint in *Hewson* is attached as Exhibit A to the Declaration of Peter E. Borkon In Support of Administrative Motion to Consider Whether Cases Should Be Related ("the Borkon Declaration"), filed herewith. Plaintiff believes that the following actions allege substantially similar claims:

| Case Name | Case Number | Date Filed | Judge |
|---|---|---|---|
| Lipton et al v. Intel Corporation | 3:05-cv-02669-MHP | 06/29/2005 | Patel |
| Prohias v. Intel Corporation | 3:05-cv-02699-JL | 06/30/2005 | Larson |
| Konieczka, et al v. Intel Corporation | 3:05-cv-02700-MHP | 06/30/2005 | Patel |
| Niehaus v. Intel Corporation | 3:05-cv-02720-JCS | 07/01/2005 | Spero |
| Hamilton v. Intel Corporation | 3:05-cv-02721-JCS | 07/01/2005 | Spero |
| Brauch et al v. Intel Corporation | 3:05-cv-02743-SC | 07/05/2005 | Conti |
| Frazier et al v. Intel Corporation | 3:05-cv-02813-JL | 07/11/2005 | Larson |
| Allanoff v. Intel Corporation | 3:05-cv-02834-MHP | 07/12/2005 | Patel |
| Law Offices of Laurel Stanley et al | 3:05-cv-02858-EDL | 07/13/2005 | Laporte |

Administrative Motion to Consider Whether Cases Should Be Related

| | | | |
|---|---|---|---|
| v. Intel Corporation | | | |
| Lazio Family Products, v. Intel Corporation | 3:05-cv-02859-WHA | 07/13/2005 | Alsup |
| Hewson v. Intel Corporation | 3:05-cv-02916-SC | 07/18/2005 | Conti |

## ARGUMENT

Pursuant to Local Rule 3-12, an action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. *Lipton* and *Hewson* meet these standards.[1]

First, the complaints both allege substantially similar violations of antitrust laws against the same Defendant, Intel. Specifically, each complaint alleges Intel and its subsidiaries, agents or co-conspirators sold x86 microprocessors and entered into and implemented a continuing combination and conspiracy to fix, raise, maintain or stabilize prices for x86 microprocessors sold in the United States. The complaints further allege that because of Intel's unlawful conduct, plaintiffs and members of a class of indirect purchasers paid artificially inflated prices for x86 microprocessors and have been damaged thereby. Second, each complaint names the same Defendant, Intel. Third, each action asserts the same or substantially similar claims on behalf of consumers who purchased computers that contain Intel x86 microprocessors. Finally, plaintiffs in both actions seek to represent comparable nationwide classes of indirect purchasers of x86 microprocessors.

Based upon these similarities, its appears likely that there will be an unduly burdensome duplication of labor and expense or potentially conflicting results if these cases proceed before different judges. An order relating these cases under Civil Local Rule 3-12 is therefore appropriate.

---

[1] Plaintiffs in *Allanoff v. Intel Corp.*, Case No. 05-2834 (MMC); *Lazio Family Products v. Intel Corp.*, Case No. 05-2859 (WHA), *Stanley, et al., v. Intel Corp.*, Case No. 05-2858 (EDL) filed a similar motion on July 14, 2005. Plaintiff in *Brauch v. Intel Corp.*, Case No. 05-2743 (BZ) also filed a similar motion on July 7, 2005.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion and relate the cases set forth above.

DATED: July 18, 2004

By: /s/_____
　　　Peter E. Borkon

ROBERT C. SCHUBERT
JUDEN JUSTICE REED
PETER E. BORKON
SCHUBERT & REED LLP
Two Embarcadero Center, Suite 1660
San Francisco, California 94111
Telephone: (415) 788-4220

*Attorneys for Plaintiff and the Class*

Administrative Motion to Consider Whether Cases Should Be Related